Matter of Parise (2021 NY Slip Op 05065)





Matter of Parise


2021 NY Slip Op 05065


Decided on September 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 23, 2021
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Anil C. Singh,J.P.,
Lizbeth González
Tanya R. Kennedy
Saliann Scarpulla
Martin Shulman, JJ.


Motion No. 2021-02609 Case No. 2021-01756 

[*1]In the Matter of Laurie Parise, (admitted as Laurie Anne Parise), an attorney and counselor-at law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Laurie Parise (OCA Atty. Reg. No. 4491957), Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on March 5, 2007.




Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Remi E. Shea, of counsel), for petitioner.
Bruce A. Green, Esq., for respondent.



Per Curiam 


Respondent Laurie Parise was admitted to the practice of law in the State of New York by the First Judicial Department on March 5, 2007, under the name Laurie Anne Parise. At all times relevant to this proceeding, she maintained a registered address within the First Judicial Department.
In May 2021, the Attorney Grievance Committee (the Committee), filed a Petition of Charges alleging that, between 2016 and 2018, respondent misappropriated funds from a not-for-profit organization for which she served as executive director.
The Committee and respondent now jointly move under the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8(a)(5) for discipline by consent and request that respondent be suspended from the practice of law for a period of nine months, and until further order of this Court.
A joint motion for discipline by consent must include a stipulation of facts, the respondent's conditional admission to acts of professional misconduct and the violation of specific Rules of Professional Conduct, the relevant factors in mitigation and aggravation, and the agreed-upon discipline (see 22 NYCRR 1240.8[a][5][i]). The motion must also be accompanied by an affidavit from the respondent acknowledging the respondent's conditional admission of misconduct, the respondent's freely given consent to the agreed-upon discipline, and the respondent's full awareness of the consequences of such consent (see 22 NYCRR 1240.8[a][5][iii]).
We turn first to the stipulated facts of respondent's misconduct. Shortly after her admission to the bar, respondent established a not-for-profit organization
to work with New York City youth. While respondent was the organization's sole employee during its first years, the organization grew to have over 15 employees and a $2,000,000 operating budget. From the organization's founding until 2018, respondent served as executive director.
Between 2016 and 2018, respondent's principal role as executive director was administrative and involved overall office management and fundraising. Respondent was authorized to set the salary of other staff members. Her salary, however, was set by the organization's board of directors.
Between 2016 and 2018, respondent, who oversaw the organization's finances, increased her compensation without board approval. Respondent did this by distributing organization funds to herself without authorization.
In 2018, representatives of the organization questioned respondent following a review of the organization's financial records. Respondent admitted that she made unauthorized distributions to herself. She agreed to repay $51,984, the full amount that the organization sought. Respondent stepped down as executive director on March 1, 2019. The organization's programming was not prejudiced by respondent's conduct.
Respondent repaid the organization a total of $11,984, and the organization's [*2]insurance covered the remaining $40,000 balance. Respondent has signed an agreement with the insurer and is currently in repayment.
Based on these stipulated facts, respondent admits that, by misappropriating the organization's funds, she violated rules 8.4(c) and 8.4(h) of New York's Rules of Professional Conduct (22 NYCRR 1200.0) (RPC). These rules provide that an attorney may not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation (RPC rule 8.4[c]), nor may she engage in conduct that adversely reflects on her fitness as an attorney (RPC rule 8.4[h]).
We now review any factors in aggravation or mitigation. In aggravation, the parties note that respondent misused her fiduciary position to her own financial benefit on multiple occasions over a period of three years.
In mitigation, the parties note that respondent has devoted her career to public service. Before attending law school, respondent worked at a not-for-profit organization serving a vulnerable population primarily from South America. In 2004, while employed by another not-for-profit organization, respondent established a youth program. This experience led to her founding the organization for which she would serve as executive director.
Between 2016 and 2018, respondent and her family experienced significant financial distress stemming from debt incurred, in part, because of her husband's disability. Respondent borrowed fully against her retirement account, was unable to obtain a bank loan, and risked being evicted from her apartment.
Respondent has expressed remorse, immediately accepted responsibility, and has fully cooperated with the Committee's investigation. She left all of her positions in the legal profession to avoid embarrassing others.
In February 2021, respondent voluntarily ceased the practice of law. Until that time, she was engaged in a small amount of pro bono work in immigration matters. Respondent has never engaged in the private practice of law; her only work as an attorney has been with non-paying, low-income clients.[FN1]
As to the appropriate sanction, the parties request that respondent be suspended from the practice of law for nine months. We agree that a nine-month suspension is appropriate, since it adequately balances respondent's misappropriation of her organization's funds over a three-year period with the factors in mitigation and is consistent with our prior decisions (see Matter of Lerner, 112 AD3d 144 [1st Dept 2013]; Matter of Vasquez, 1 AD3d 16 [1st Dept 2003]).[FN2]
Accordingly, the parties' joint motion should be granted, and respondent suspended from the practice of law for a period of nine months, and until further order of this Court. The Committee's petition of charges should be denied as moot.
All concur.
It is Ordered that the parties' joint motion for discipline by consent pursuant to 22 NYCRR 1240.8(a)(5) is granted, and respondent Laurie Parise, admitted as Laurie Anne Parise, is suspended [*3]from the practice of law in the State of New York for a period of nine months, effective October 26, 2021, and until further order of this Court; and
It is further ordered that the Attorney Grievance Committee's petition of charges is denied as moot, and
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, respondent Laurie Parise, admitted as Laurie Anne Parise, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and
It is further Ordered that respondent Laurie Parise, admitted as Laurie Anne Parise, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent Laurie Parise, admitted as Laurie Anne Parise, has been issued a secure pass by the Office of Court Administration, it shall be returned to the issuing agency.
Entered: September 23, 2021



Footnotes

Footnote 1: Since 2019, respondent has been employed in an administrative capacity with a small non-profit cultural organization that works with young people.

Footnote 2: We emphasize that, to the extent that respondent's former role as executive director of a youth advocacy organization may have caused her to develop a social media presence, a person under an order of suspension may not advertise that she may engage in the practice of law on social media (see 22 NYCRR 1240.15[d]).